UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARRETT MJ TALIF SOREZO,

        Plaintiff,                       Case No. 1:22-cv-12851

v.                                               Honorable Thomas L. Ludington
                                               United States District Judge

SURGEON GENERAL VIVEK H. MURTHY,

        Defendant.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT AND DENYING CERTIFICATE OF APPEALIBILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

    Michigan prisoner Garrett MJ Talif Sorezo is suing the Surgeon General for permitting hospital to clone him, leading to a multitude of sins, including identity theft and violence against the clones that could result in his own "unwanted death."

    Sorezo seeks redress, but the law requires dismissal of his *in forma pauperis* complaint, given that at least three of his previous such complaints have been dismissed as frivolous or for lack of jurisdiction or failure to state a claim.

I.

    Plaintiff Garrett MJ Talif Sorezo is a Michigan prisoner at the Isabella County Jail in Mount Pleasant, Michigan. In November 2022, he filed this § 1983 case against United States Surgeon General Vivek H. Murthy. ECF No. 1. Plaintiff alleges Defendant has permitted numerous hospitals to create "artificial human clones" of him, which have stolen his identity by making fraudulent social security cards and passports. *Id.* at PageID.6. Plaintiff also alleges government officials are torturing, sexually assaulting, and murdering his clones, which "could result in [the] unwanted death" of Plaintiff himself. *Id.* He seeks monetary and injunctive relief. *Id.*

- 1 -

But Plaintiff's Complaint will be dismissed because he has had at least three other *in forma pauperis* complaints dismissed as frivolous, malicious, or not stating a claim for which relief could be granted.

## II.

The Prisoner Litigation Reform Act of 1995 (PLRA) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, [then] the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litig. Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). Even so, district courts may authorize a prisoner to proceed in forma pauperis if she submits an affidavit that includes a description of her assets and a statement that she is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(1).

But, under the three-strikes rule, an *in forma pauperis* complaint must be dismissed if the filer has had at least three other *in forma pauperis* complaints dismissed as frivolous, malicious, or not stating a claim for which relief could be granted. *See* 28 U.S.C. § 1915(g). Frivolity includes lack of jurisdiction, *see Carlock v. Williams*, 182 F.3d 916 (6th Cir. 1999), and lack of standing, *see Garland v. Wells Fargo Home Mortg. Inc.*, 303 F. Supp. 3d 554, 559 (E.D. Mich. 2018) ("Standing is a 'jurisdictional' matter, and a lack of standing deprives a court of subject matter jurisdiction." (quoting *Ward v. Alt. Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001))).

The only exception to the three-strikes rule is if the complaint plausibly alleges an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III.

### A.

Plaintiff has filed at least five other *in forma pauperis* complaints that have been dismissed as frivolous. *See Sorezo v. Main*, No. 2:22-CV-13098 (E.D. Mich. July 18, 2023), ECF No. 24

(dismissing case as frivolous for lack of jurisdiction); *Sorezo v. Smith*, No. 2:22-CV-12849, 2023 WL 162196, at *3 (E.D. Mich. Jan. 11, 2023) (same for failure to state a claim); *Sorezo v. Grainge*, No. 2:23-CV-10046 (E.D. Mich. Jan. 19, 2023), ECF No. 7 (same); *Sorezo v. White House*, No. 2:22-CV-12494, 2022 WL 17361958, at *3 (E.D. Mich. Dec. 1, 2022) (same), *appeal dismissed*, No. 23-1094, 2023 WL 3214525 (6th Cir. Feb. 6, 2023); *Sorezo v. Buckingham Palace*, No. 1:22-CV-12540 (E.D. Mich. Oct. 25, 2022), ECF No. 5 (same).

Because at least three of Plaintiff's *in forma pauperis* complaints have been dismissed as frivolous, malicious, or not stating a claim, this case must be dismissed unless he plausibly alleges he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**B.**

Although Plaintiff alleges potential injuries, none satisfy the imminent-danger exception.

Plaintiff alleges that Defendant has permitted numerous hospitals to create "artificial human clones" of him, who are involved in fraudulent activities and are being tortured, sexually assaulted, and murdered. Even if these allegations were true, without further specific details regarding how the alleged injuries relate to Plaintiff directly and the basis for such claims, they are insufficiently "speculative." *See Swenson v. Pramstaller*, 169 F. App'x 449, 450–51 (6th Cir. 2006) (unpublished).

Plaintiff says his clones are involved in actions that "could result in [his] unwanted death." But it is unclear from the complaint whether these alleged actions were happening at the time of filing or are merely speculative future events. Without a demonstration of foreseeable imminence, Plaintiff's claims may not satisfy the imminent-danger requirement. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (unpublished) (holding that the alleged injury must be "contemporaneous with the complaint's filing"); *accord Rittner v. Kinder*, 290 F. App'x 796, 797

(6th Cir. 2008) (unpublished) ("[T]he threat . . . must be real and proximate . . . at the time the complaint is filed." (internal quotation marks omitted)). Nor does Again, Plaintiff explicitly state when the alleged injuries to his clones began or whether they were already in existence when he filed the complaint in November 2022. Without this crucial detail, it is difficult to determine if his claims meet the standard required to proceed under the imminent-danger exception. *Rittner*, 290 F. App'x at 797 (holding that the alleged injuries must also have "exist[ed] at the time the complaint [wa]s filed").

Finally, though Plaintiff mentions the alleged torture, sexual assault, and murder of his clones, which could result in his own death, he does not provide sufficient information to establish whether these alleged injuries constitute a "serious physical injury" as defined by the PLRA. *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) (holding that symptoms that "can cause discomfort and pain" but "are typically temporary and rarely life threatening. . . . simply are not the kinds of injuries that can lead to impending death or other severe bodily harms").

For these reasons, the Complaint fails the imminent-danger test. *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (unpublished) ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception."). Thus, Plaintiff may not proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(g) (prohibiting a prisoner with three strikes from "bring[ing] a civil action or appeal[ing] a judgment in a civil action" absent an allegation of imminent danger (emphasis added)).

Consequently, Plaintiff's Complaint will be dismissed without prejudice so that he can pay the filing fee to refile it. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

- 5 -

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **SUMMARILY DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff is **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*.

**This is a final order and closes the above-captioned case**.

Dated: July 31, 2023                                            s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge